**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**TERRI MARTIN, GRETA DUNCAN**
and **ESTHER IMASUEN,** Individually,
and on behalf of themselves and all other
similarly situated current and former employees,

        Plaintiffs,

V.

        Case No _____

**STATE OF TENNESSEE and
COMMISSIONER BONNIE
HOMMICH,**

        **FLSA COLLECTIVE ACTION**

        Defendant,        **TRIAL JURY DEMANDED**

_____

**FLSA COLLECTIVE ACTION COMPLAINT**
_____

COME NOW PLAINTIFFS, Terri Martin, Greta Duncan and Esther Imasuen, and file this Collective Action Complaint under the Fair labor Standards Act.

**I.**

**PARTIES, JURISDICTION AND VENUE**

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.

2. The Court has subject matter jurisdiction over this action pursuant to the Fair labor Standards Act of 1938, 29 U.S.C. §216(b) and 28 U.S.C. §1337 (FLSA).The Court has personal jurisdiction over the Plaintiffs who have performed work for Defendant in this District during the three years preceding the filing of this Complaint. The Court has subject matter jurisdiction over the Defendant, the State of Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C §1391, because the Defendant does business in this District and the relevant employment decisions relating to

this matter occurred in this District.

4. Plaintiffs have been employed as hourly-paid Case Managers in the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services during the three years preceding the filing of this action.

5. The Defendant is the State of Tennessee (hereinafter "Defendant"). It is a covered employer under the Fair Labor Standards Act. In addition, Defendant Bonnie Hommich (hereinafter "Hommich") is the Commissioner of the Tennessee Department of Children's Services and is sued in her individual capacity. Named Plaintiffs' Consents to Join this collective action are attached as Collective Exhibit A.

6. In addition to the Named Plaintiffs, Defendant has employed similarly situated hourly-paid Case Managers in the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services during the three years prior to filing of this action.

## II.
## INTRODUCTION

7. Plaintiffs bring this claim, individually, and part of a collective action, under the Fair Labor Standards Act, 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees who were not fully relieved from work duties during unpaid meal breaks and, who were denied overtime compensation for such time at one and one-half times their regular hourly rates of pay, within weekly pay periods during the last three years. This collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III.
## FACTUAL BASIS FOR SUIT

8. Defendant has employed Plaintiffs and other similarly situated employees as hourly-paid

Case Managers in the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services (hereinafter "Hotline employees") during the past three years.

9. Plaintiffs and other similarly situated Hotline employees have been required, forced, induced, expected and, suffered and permitted, to "log out" of Defendant's timekeeping system for one-hour unpaid meal breaks per shift during the past three years.

10. Plaintiffs and other similarly situated Hotline employees have been required, forced, induced, expected and, suffered and permitted, to routinely perform compensable work duties during such one-hour unpaid meal breaks during all times relevant.

11. Plaintiffs and other similarly situated Hotline employees have been required, forced, induced, expected and, suffered and permitted, to routinely eat part and, at times, all of their lunch while continuing to perform compensable work duties during such one-hour unpaid meal breaks, during all times relevant.

12. Defendant never trained Plaintiffs and other similarly situated Hotline employees that time in which meals are eaten, while continuing to perform compensable job duties, during such one-hour unpaid meal breaks was compensable.

13. Plaintiffs and other similarly situated Hotline employees have not been completely relieved of their compensable job duties during such one-hour unpaid meal breaks, during all times relevant herein.

14. Defendant never trained Plaintiffs and other similarly situated Hotline employees that time in which they were not fully relieved of their compensable job duties during such one-hour unpaid meal breaks was compensable.

15. Defendant induced and expected and, suffered and permitted, Plaintiffs and other similarly situated Hotline employees to complete and finalize reports, as well as to perform other

compensable work duties, during such required "logged out" one-hour unpaid meal breaks, during all times relevant herein.

16. Defendant was aware that Plaintiffs and other similarly situated Hotline employees performed compensable work duties, ate part and, at times, all of their lunch while performing compensable job duties, completed and finalized reports and, were not fully relieved of their compensable job duties, while "logged out" for such one-hour unpaid meal breaks, without being compensated for such time at the applicable overtime compensation rate, as required by the Fair Labor Standards Act, during all times relevant herein.

17. Defendant did not prohibit Plaintiffs and other similarly situated Hotline employees from performing compensable work duties during such "logged out" one-hour unpaid meal breaks.

18. Defendant has failed to ensure that unauthorized work was not performed by Plaintiffs and other similarly situated Hotline employees during such "logged-out" one-hour unpaid meal breaks, during all times relevant herein.

19. Plaintiffs and other similarly situated Hotline employees had no means or ability to edit-in to Defendant's timekeeping system the unpaid one-hour meal break time deducted from their wages, during all times relevant herein.

20. Defendant has failed to edit-in to its timekeeping system the unpaid one-hour meal break time deducted from the wages of Plaintiffs and other similarly situated Hotline employees, during all times relevant herein.

21. Plaintiffs and other similarly situated Hotline employees were subjected to disciplinary actions and poor performance evaluations if they did not complete and finalize their reports time accurately and timely.

22. Plaintiffs and other similarly situated Hotline employees routinely did not have sufficient

time to complete and finalize their reports prior to their required "logged out" one-hour unpaid meal breaks and, thus, were obligated to complete and finalize them, as well as to perform other compensable work duties, during such unpaid meal period in order to avoid disciplinary action and/or negative performance evaluations.

23. Plaintiffs and other similarly situated Hotline employees have worked in excess of forty hours per week within weekly pay periods during all times relevant herein, when such one-hour unpaid meal break time are added to their other compensable work time.

24. Defendant has denied Plaintiffs and other similarly situated Hotline employees overtime compensation at the rate of one and one-half times their regular hourly rate of pay for such one-hour unpaid meal break times, when added to their other compensable time, exceeded 40 hours per week within weekly pay periods, during all relevant times herein.

25. Employers covered by the FLSA are required to pay employees one and one-half times their regular hourly rate of pay for all hours worked in excess of 40 per week within weekly pay periods.

26. Defendant is covered by the FLSA and has failed to compensate Plaintiffs and other similarly situated Hotline employees for all hours worked in excess of 40 per week within weekly pay periods during the past three years.

27, Accordingly, Plaintiffs and other similarly situated Hotline employees are entitled to one and one-half times their regular hourly rate of pay for all such overtime worked during the past three years.

28. Defendant has had actual and constructive knowledge of its failure to compensate Plaintiffs and other similarly situated Hotline employees for all such unpaid overtime compensation.

29. The net effect of Defendant's common plan, policy and practice of failing to compensate plaintiffs and other similarly situated Hotline employees for all work performed , including all overtime work performed, was a scheme to save payroll costs and payroll taxes, all for which it has unjustly enriched itself at the expense of Plaintiffs and other similarly situated Hotline employees.

30. Defendant failed to accurately record all hours worked by Plaintiffs and other similarly situated Hotline employees as required by the Fair Labor Standards Act, 29 U.S.C §516.2(a)(7).

31. By its failure to accurately record and keep all time worked for Plaintiffs and other similarly situated Hotline employees during all times relevant, Defendant has willfully failed to compensate such employees for all such compensable time worked at the applicable overtime rates of pay, as required by the FLSA.

32. Defendant knew, and was aware at all times relevant, that it was not recording and keeping all of the compensable work time of Plaintiffs and other similarly situated Hot line employees.

33. Defendant's common plan, policy and practice of not compensating Plaintiffs and other similarly situated Hotline employees at the overtime rate of pay violated the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

34. As a result of Defendant's improper and willful failure to pay Plaintiffs and other similarly situated Hotline employees in compliance with the requirements of the Fair Labor Standards Act, they have suffered lost wages in terms of overtime compensation as well as other damages.

## IV.
## CONCLUSION

35. Defendant's failure to pay Plaintiffs and other similarly situated employees overtime

compensation, as described hereinbefore, was a willful violation of the FLSA.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest and, attorneys' fees and costs under the FLSA.

37. In addition to Plaintiffs, numerous current and former hourly-paid Case Managers of the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services (Hotline employees) are similarly situated to Plaintiffs with regard to their wages and damages in that they too have been denied proper overtime compensation for at least three (3) years prior to filing this action.

38. Plaintiffs are representative of other current and former hourly-paid Case Managers of the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services and, are acting on behalf of their interests as well as Plaintiffs' own interest in bringing this action.

39. The interest of Plaintiffs and those similarly situated are aligned and, Plaintiffs have no interests that would be in conflict with others similarly situated.

40. Plaintiffs have engaged competent counsel to represent their interests and the interest of those similarly situated in this action.

41. Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's personnel records.

42. Those similarly situated employees may readily be notified of this action and allowed to "op-in" pursuant to 29 U.S.C. §216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest and, attorneys' fees and costs, under the FLSA.

# V.

# CLASS DESCRIPTION

43. Plaintiffs bring this collective action on behalf of the following similarly situated persons:

All current and former hourly-paid Case Managers of the Office Of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services who worked for Defendant at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the said FLSA, 29 U.S.C. § 216(b).

# VI.

# CAUSES OF ACTION

44. The foregoing facts and conclusions are incorporated by reference as if fully stated herein.

45. Plaintiffs, on behalf of themselves and class members, bring the following cause of action against Defendant and Hommich, based on the foregoing factual allegations and conclusions, for their:

   A. Willful failure to pay compensable overtime compensation to Plaintiffs and class members in violation of the Fair labor Standards Act of 1938.

   B. Failure to keep accurate overtime and other required timekeeping records of Plaintiffs and class members in violation of the Fair labor Standards Act of 1938.

   C. Breach of Contract, or in the alternative, unjust enrichment.

46. Plaintiffs demand a jury to try this action.

# VII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

47. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to current and former hourly-paid Case Managers of the Office of Child Safety (Child Abuse Hotline) of the Tennessee Department of Children's Services who have been denied overtime compensation relating to unpaid meal breaks, as hereinbefore described, during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit;

48. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to Plaintiffs and class members who opt into this action;

49. A declaratory judgment that Defendant's violations of the FLSA were willful;

50. An award to Plaintiffs and class members who opt into this action of damages in the amount of unpaid compensation to be proven at trial.

51. An award to Plaintiffs and class members who opt-into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b).

52. An award to Plaintiffs and class members who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §216(b).

53. An award of such other and further legal and equitable relief as may be appropriate.

Dated: June 2, 2017                           Respectfully submitted,

*s/Gordon Jackson*
Gordon E. Jackson (BPR #08323)
James L. Holt, Jr. (BPR #12123)
J. Russ Bryant (BPR #33830)
Paula R. Jackson (BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees of Defendants*